UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RAFAEL SANCHEZ-PEREZ,                                    Civil Action No:

                                                         **COMPLAINT**

                         Plaintiff,
-against-                                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK;                                    ECF Case
NEW YORK CITY POLICE DEPARTMENT;
Police Officer JACOB NEWMAN, Tax ID 933090;
Police Officer JOSE FLORESFERNANDEZ,
Tax ID: 951739; And Police Officers JOHN DOE
1 through 10, Individually and in their official
capacities (the Name JOHN DOE being fictitious,
as the true Names are presently unknown),

                        Defendants.

-------------------------------------------------------------------x

      Plaintiff, RAFAEL SANCHEZ-PEREZ, by and through his attorney, LAW OFFICE OF LAURIANO GUZMAN, JR., P.C. by LAURIANO GUZMAN, JR., hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

      1. This is a civil rights action in which the plaintiff, RAFAEL SANCHEZ-PEREZ (hereinafter SANCHEZ-PEREZ), seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks

1

compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

2.   This action has been commenced within three years after Plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff, SANCHEZ-PEREZ.

## JURISDICTION AND VENUE

3.   This action is brought pursuant to 42 U.S.C. § 1983 and §1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and §1343 (3) and (4), this being an action seeking redress for the violations of plaintiffs constitutional and civil rights.

4.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the case or controversy.

5.   Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

6.   Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## NOTICE OF CLAIM

7. Plaintiff timely filed Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claim against Defendant's, CITY OF NEW YORK, et al.

8. The City assigned a claim number to Plaintiff's case, and Plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-H on February 5, 2015.

9. To date, no offer has been received by Plaintiff, and no compensation has been offered by Defendant, CITY OF NEW YORK, ET AL., in response to his claims.

10. This action has been commenced within three years after plaintiff, SANCHEZ-PEREZ's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff, SANCHEZ-PEREZ.

## PARTIES

11. At all times relevant to this action, Plaintiff, SANCHEZ-PEREZ was and is currently a resident of Bronx County, New York.

12. Defendant CITY OF NEW YORK (hereinafter CITY) is and was at all times relevant a municipal entity created and authorized under the laws of the State of New York pursuant to § 431 of its charter. It is authorized by law to maintain a police department, the New York City Police Department (hereinafter NYPD), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and

3

the employment of police officers. At all relevant times, CITY and its NYPD hired, employed, supervised and controlled the individual Defendants.

13. At all times relevant herein, defendant CITY was the public employer of defendants Police Officer JACOB NEWMAN, Police Officer JOSE FLORESFERNANDEZ and Police Officers JOHN DOE (1 through 10).

14. Defendant Police Officer JACOB NEWMAN (hereinafter P.O. NEWMAN) is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He is duly appointed and acting as a police officer of the NYPD. P.O. NEWMAN is sued in his individual and official capacities.

15. Defendant Police Officer JOSE FLORESFERNANDEZ (hereinafter P.O. FLORESFERNANDEZ) is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He is duly appointed and acting as a police officer of the NYPD. P.O. FLORESFERNANDEZ is sued in his individual and official capacities.

16. Defendant Police Officers JOHN DOE (1 through 10) are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. They are duly appointed and acting as police officers of the NYPD. They are being sued individually and in their official capacities.

17. At all times relevant herein, defendant P.O. NEWMAN was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of laws; to wit under color of statutes, ordinances, regulations, policies customs and usages of the CITY and/or Police Department.

18. At all times relevant herein, defendant P.O. FLORESFERNANDEZ was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of laws; to wit under color of statutes, ordinances, regulations, policies customs and usages of the CITY and/or Police Department.

19. At all times relevant herein, defendants Police Officers JOHN DOE (1 through 10) (hereinafter "defendant officers") were police officers of the NYPD, acting as agents, servants and employees of defendant CITY and in furtherance of the scope of their employment and acting under color of laws; to wit under color of statutes, ordinances, regulations, policies customs and usages of the CITY and/or Police Department.

## FACTUAL AND GENERAL ALLEGATIONS
## APPLICABLE TO ALL COUNTS

20. On September 1, 2014, SANCHEZ-PEREZ left his employment at 3 a.m. along with his girlfriend, Morales Garcia. They went to El Divo Lounge located at 217 East Tremont Avenue in Bronx, New York arriving at approximately 3:40 a.m. to meet with a fellow DJ and friends. At approximately 5:00 a.m., uniformed police officers stormed into El Divo Lounge and ordered the lounge patrons to immediately exit the location.

21. Upon information and belief, as the patrons poured into the street, SANCHEZ-PEREZ, while exiting the building, observed that a male Hispanic was sitting on the sidewalk handcuffed with his back leaning on a police vehicle. SANCHEZ-

5

PEREZ believed he was injured. While outside, police were aggressively yelling orders at patrons to keep moving.

22.     SANCHEZ-PEREZ was walking away from the location and simultaneously recording the actions of defendant officers with his cell phone camera. Suddenly and without provocation, P.O. NEWMAN enraged that SANCHEZ-PEREZ was filming the street encounter, pushed him then struck him with his baton about his body. This assault brought SANCHEZ-PEREZ to his knees and unto the concrete pavement. Defendant officers were in the vicinity and failed to prevent P.O. NEWMAN from striking SANCHEZ-PEREZ.

23.     As he laid face down onto the concrete pavement, defendant officers continued to assault SANCHEZ-PEREZ.

24.     SANCHEZ-PEREZ could not move or defend himself because defendant officers held him down while they continued their assault.

25.     P.O. NEWMAN, upon information and belief, absent an arrest warrant or probable cause to believe that a crime had been committed, placed handcuffs on SANCHEZ-PEREZ as he lay defenseless on the concrete pavement.

26.     SANCHEZ-PEREZ was a lawful pedestrian walking on a public sidewalk and he had committed no crime and neither did he initiate any physical contact with P.O. NEWMAN nor with the other defendant officers. He did not assault P.O. NEWMAN as was alleged in the criminal complaint nor did he resist arrest. P.O. NEWMAN lied in a sworn criminal complaint that SANCHEZ-PEREZ assaulted him and resisted arrest.

27. SANCHEZ PEREZ was lifted off the ground and dragged to P.O. NEWMAN's police cruiser.

28. Instead, SANCHEZ-PEREZ was placed in the rear seat of the police vehicle and taken to the 46th precinct.

29. At the 46th precinct, P.O. FLORESFERNANDEZ refused SANCHEZ-PEREZ's request for medical attention. SANCHEZ-PEREZ was searched, fingerprinted and photographed by the defendants, and/or their agents, servants and/or employee(s).

30. SANCHEZ-PEREZ thereafter was transported in handcuffs to Bronx County Central Booking.

31. SANCHEZ-PEREZ was again, physically searched at Bronx County Central Booking.

32. SANCHEZ-PEREZ was charged in the criminal complaint with having committed the crimes of felony assault upon a police officer; resisting arrest; obstruction of administration and harassment.

33. P.O. NEWMAN signed and swore to the criminal complaint charging SANCHEZ-PEREZ with having committed the above described felony, misdemeanors and violations.

34. P.O. NEWMAN signed the criminal complaint with the purpose of having it used to prosecute SANCHEZ-PEREZ.

35. P.O. NEWMAN filed police reports in connection with SANCHEZ-PEREZ's arrest for the purpose of prosecuting him.

36. On September 1, 2014 SANCHEZ-PEREZ was arraigned in Bronx Criminal Court and released on his own recognizance.

37. SANCHEZ-PEREZ attended ten (10) separate court appearances as required by the criminal court judge from September 1, 2014 through August 7, 2015.

38. On August 7, 2015, the prosecutor dismissed all criminal charges against SANCHEZ-PEREZ after he viewed the video footage recorded on September 1, 2014 showing the unprovoked physical assault by P.O. NEWMAN.

39. In January of 2016, SANCHEZ-PEREZ filed a complaint with the Civilian Complaint Review Board (hereinafter CCRB).

40. On August 30, 2016, the CCRB concluded after their thorough investigation that P.O. NEWMAN had struck SANCHEZ-PEREZ with his baton.

41. Upon information and belief, to date, P.O. NEWMAN and defendant officers have not been reprimanded for their false arrest and assault of SANCHEZ-PEREZ.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 AND THE FIRST and FOURTEENTH AMENDMENT BY PLAINTIFF AGAINST ALL DEFENDANTS

42. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "41" of the complaint as if fully set forth herein.

43. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to freedom of speech, assembly and association under the First and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual Defendants have violated Plaintiff's First Amendment rights to assembly, speech and association by unlawfully denying his right to assemble lawfully in public fora; terminating his lawful assembly; subjecting him to false arrest and illegal excessive force; maliciously prosecuting him to deter the exercise of his First Amendment rights; and interfering with and/or terminating his lawful protected activities of observing and documenting police conduct in a public forum. Defendants' actions were taken in retaliation for SANCHEZ-PEREZ exercising his First Amendment rights.

44. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech, assembly and association.

45. As a direct and proximate result of the individual Defendants' unlawful actions, Plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 and FIFTH and FOURTEENTH AMENDMENTS
### BY PLAINTIFF AGAINST ALL DEFENDANTS

46. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "45" of the complaint as if fully set forth herein.

47. The acts of the individual Defendants, under color of state law, in arresting Plaintiff, verbally abusing Plaintiff and physically assaulting Plaintiff were undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation to his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.  Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

48. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants.

49. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 and FOURTH and FOURTEENTH AMENDMENTS BY PLAINTIFF AGAINST ALL DEFENDANTS

50. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "49" of the complaint as if fully set forth herein.

51. By their conduct as described herein, and acting under the color of state law to deprive the Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

52. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. §1983 and FOURTH and FOURTEENTH AMENDMENTS
### BY PLAINTIFF AGAINST ALL DEFENDANTS

53. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "52" of the complaint as if fully set forth herein.

54. By their conduct as described herein, and acting under color of state law to deprive Plaintiff of his rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

55. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. §1983 and 1988 and FOURTH AMENDMENT
### BY PLAINTIFF AGAINST ALL DEFENDANTS

### FAILURE TO INTERVENE

56. Plaintiffs repeat and reiterate the allegations contained in paragraphs "1" through "55" of the complaint as if fully set forth herein.

57. Defendant officers JOHN DOE 1 through 10 were at all times relevant herein duly appointed and acting as police officers for the New York City Police Department.

58. The conduct and actions of Defendant Officers JOHN DOE 1 through 10, acting in concert and under the color of law to wit: under the color of the statutes, ordinances, regulations, policies, customs and usage of the City and State of New York, failed to intervene and prevent the violation of Plaintiff's right to be free from excessive use of force under the fourth amendment

59. Defendant officers were at all times relevant herein duly appointed and acting as police officers for the New York City Police Department.

60. On September 1, 2014, in the vicinity of El Divo Lounge in the Bronx, New York Plaintiff was in a public street and had not committed any crime.

61. P.O. NEWMAN struck Plaintiff about his body with his baton to effectuate a false arrest. Plaintiff was not a threat to any of the officers and did not resist arrest.

62. Defendant officers JOHN DOE 1 through 10 were present during P.O. NEWMAN's use of the baton on Plaintiff. Defendant officers observed the use of the baton on Plaintiff and had sufficient time to prevent it.

63. Defendant officers had reasonable opportunity to intercede and prevent the excessive use of force and arrest.

64. That said actions by Defendant officers, JOHN DOE 1 through 10 were entirely unjustified by any actions of Plaintiff and constituted a failure to intervene and prevent the excessive use of force and false arrest committed by P.O. NEWMAN.

65. P.O. NEWMAN's actions were done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his actions was done without lawful justification or reason and was designed and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed 42 U.S.C. § 1983, and the Fourth Amendments to the United States Constitution, including the right to be free from unreasonable seizure of his person and the right to be free from the use of excessive, and unreasonable, and unjustified force.

66. The direct and proximate result of Defendant officers, JOHN DOE 1 through 10, acts were that Plaintiff suffered physical injuries as previously set forth, including bruises and contusions and was forced to endure great pain and mental suffering that ultimately traumatized Plaintiff.

## SIXTH CAUSE OF ACTION

### 42 U.S.C.§ 1983 and FOURTH and FOURTEENTH AMENDMENTS
### BY PLAINTIFF AGAINST ALL DEFENDANTS

67. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "66" of the complaint as if fully set forth herein.

68. By their conduct as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C.§ 1983 of the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

69. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no probable cause for the Plaintiff's arrest. Yet despite the lack of probable cause, Defendants continued prosecuting the plaintiff. The plaintiff's case was ultimately dismissed in his favor.

70. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C. §1983 and FOURTH and FOURTEENTH AMENDMENTS
### BY PLAINTIFF AGAINST ALL DEFENDANTS

71. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "70" of the complaint as if fully set forth herein.

72. By their conduct as described herein, Defendants are liable to Plaintiff under 42 U.S.C.§ 1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

73. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## EIGHTH CAUSE OF ACTION

### 42 U.S.C. §1983 - MONELL CLAIM

74. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "73" of the complaint as if fully set forth herein.

75. At all relevant times herein, Defendant CITY, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de factor policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which cause the violation of such rights.

76. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

77. The constitutional abuses and violations by Defendant CITY through the actions of its NYPD and all named Defendants, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant CITY, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of New York.

78. Upon information and belief, Defendant CITY has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

79. Defendants' unlawful actions were done willfully, knowingly and with specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

80. CITY knew or should have known of the defendant officers' propensity to engage in misconduct of the type alleged herein. Upon information and belief, prior to September 1, 2014, CITY was aware of several complaints of police misconduct involving the use of excessive force by members of the NYPD. Despite its knowledge of such incidents of prior misconduct, CITY failed to take remedial action.

81.     Additionally, CITY knew or should have known, more specifically of defendant, P.O. NEWMAN's propensity to engage in misconduct of the type alleged herein. Upon information and belief, prior to September 1, 2014, CITY was aware of numerous claims of constitutional violations involving defendant, P.O. NEWMAN as documented in the following civil rights actions filed against CITY and P.O. NEWMAN:

   a. *Richard Thomas v. City of New York, et al.*: 05-cv-06449 (SDNY)
   P.O. NEWMAN frisked and searched the plaintiff in a rough and abusive manner in violation of plaintiff's fourth, fifth and fourteenth amendments to the U.S.C.
   b. *Inocente Nava v. City of New York, et al.*: 14-cv-09393 (SDNY)
   P.O. NEWMAN physically abused plaintiff, Nava, by striking him about the face and falsely arresting him with probable cause.

82.     Despite its knowledge of such incidents of prior misconduct, CITY failed to take remedial action.

83.     It was the policy and/or custom of CITY to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by CITY, including, but not limited to, the incidents listed above. Upon information and belief, despite the numerous complaints of misconduct that were filed against P.O. NEWMAN.

84.     It was the policy and/or custom of the CITY to inadequately train, supervise and discipline its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

85.     As a result of the above described policies and customs, police officers of CITY, including the defendant officers, believed that their actions would not be properly

17

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the CITY to the constitutional rights of persons within the City, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

87. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which have caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

88. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practice and/or customs which have directly and proximately caused such constitutional abuses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a) A declaration that Defendants' conduct violated the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Plaintiff's rights under the New York State Constitution and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise.

b)   Award Plaintiff compensatory damages against the Defendants, including but not limited to any emotional distress, recompensable costs related to criminal defense and any other compensatory damages as permitted by law and according to proof at trial;

c)   Award Plaintiff punitive damages;

d)   Award attorneys' fees pursuant to 42 U.S.C. § 1988;

e)   Award costs of suit pursuant to 42 U.S.C. § 1920 and 1988; and,

f)   Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Bronx, New York
August 28, 2017

                                                Respectfully submitted:
*Law Office of Lauriano Guzman, Jr., P.C.*

/s/ *Lauriano Guzman, Jr.*

By: LAURIANO GUZMAN, JR. (LG-3330)
*Attorney for Plaintiff,*
*Rafael Sanchez-Perez*
2565 Frisby Avenue
Bronx, New York  10461
T:  (718) 892-8200
F:  (718) 892-8203
E:  guzmanesq@aol.com

Civil Action No:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL SANCHEZ-PEREZ,

                                  Plaintiff,

- against -

THE CITY OF NEW YORK;
NEW YORK CITY POLICE DEPARTMENT;
Police Officer JACOB NEWMAN Tax ID: 933090;
Police Officer JOSE FLORESFERNANDEZ: 951739;
Police Officers JOHN DOE 1 through 4,
Individually and in their official capacities
(the name JOHN DOE being fictitious, as the true
Names are presently unknown),

                                  Defendants.

## COMPLAINT

**LAW OFFICE OF LAURIANO GUZMAN, JR., P.C.**
*Attorney for Plaintiff,*
**RAFAEL SANCHEZ-PEREZ**
2565 Frisby Avenue
Bronx, New York 10461
(718) 892-8200
E: guzmanesq@aol.com